# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

HEATHER BOWER,

          Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

          Defendant.

Case No. 14-CV-382-FHM

## OPINION AND ORDER

Plaintiff, Heather Bower, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's December 14, 2010, application for disability benefits was denied initially and on reconsideration. Hearings before Administrative Law Judge ("ALJ") Deborah L Rose were held July 19, 2012 and February 5, 2013. By decision dated February 21, 2013, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 27, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 29 years old on the alleged date of onset of disability and 33 on the date last insured. She has a high school education and formerly worked as certified nurse's assistant. She claims to have been unable to work since September 23, 2009 as a result of migraine headaches, fibromyalgia, degenerative disc disease of the lumbar spine, and paroxysmal tachycardia.

## **The ALJ's Decision**

The ALJ determined that through the date last insured, December 31, 2012, Plaintiff had the residual functional capacity (RFC) to lift and carry 10 pounds frequently and 20 pounds occasionally. She could stand and walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. Further she could have no exposure to hazards. [R. 17]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a

claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly consider the medical source opinion of Dr. DeVere; the ALJ failed to properly consider her credibility; and the RFC assessment is legally inadequate and not supported by substantial evidence.

## Analysis

### Consideration of Dr. DeVere's Opinion

The ALJ held two hearings in this case. After the first hearing, the ALJ submitted Plaintiff's records to a medical expert. [R. 32, 606]. That expert was Board Certified Neurologist, Ronald DeVere, M.D. Dr. DeVere reviewed Plaintiff's medical records, completed a Medical Interrogatory of Physical Impairments–Adults form, [R. 596-598], and completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form. [R. 599-604]. On the Medical Source Statement, Dr. DeVere opined that, due to chronic pain, Plaintiff was limited to sitting two hours without interruption, standing 30 minutes without interruption, and walking two hours without interruption. [R. 600]. Dr. DeVere also found that Plaintiff was limited to standing and walking a total of two hours in an eight-hour workday. *Id*. He further opined that Plaintiff was limited to occasional reaching and that she could never operate foot controls with either foot. [R. 601].

The ALJ's RFC findings did not include Dr. DeVere's limitations, nor did the ALJ's decision mention Dr. DeVere's opinions. Plaintiff argues that the ALJ erred by failing to either adopt or give reasons for rejecting Dr. DeVere's opinions.

3

The Commissioner's regulations, 20 C.F.R. §§ 404.1527 and 416.927 set forth detailed rules for evaluating medical opinions about an individual's impairments. *Social Security Ruling* (SSR) 96-6P, 1996 WL 374180, * 4, instructs that an ALJ must consider and evaluate any assessment of the individual's RFC by a State agency medical consultant or other program physicians. Further, such RFC assessments are to be considered <u>and addressed in the decision</u> considering all of the factors set out in the regulations for considering opinion evidence. The ALJ's decision fails to meet this requirement with respect to Dr. DeVere's opinion.

The court rejects the Commissioner's argument that the error is harmless. The court disagrees that it can determine that further consideration and discussion of Dr. DeVere's opinion would not change the outcome of the case. The court finds it to be significant that after the first hearing the ALJ thought it necessary to submit interrogatories and to obtain the opinion of a neurologist. Although the Commissioner presents reasons why Dr. DeVere's opinion should be rejected, the court finds that determination should be made, in the first instance, by the ALJ. None of the Commissioner's proffered reasons appear in the ALJ's decision and therefore this court cannot rely on them. *See Haga v. Astrue,* 482 F.3d 1205, 1207–08 (10th Cir. 2007).

The court also rejects the Commissioner's argument that the error is harmless for the reason that the vocational expert identified a job Plaintiff could perform with Dr. DeVere's limitations. [Dkt. 21, p. 5]. The ALJ's decision does not discuss this testimony. As a consequence, there is no way for the court to know whether the ALJ would accept

that testimony as credible. Nor does the court know whether the ALJ would find that the number of positions represented by that one job is a sufficient number.

**Credibility Analysis**

Since this case is being remanded for further consideration, the ALJ will have the opportunity to reconsider and provide further discussion of the credibility finding. There is some merit to Plaintiff's assertion that the ALJ was under the wrong impression about whether medication was effective in controlling Plaintiff's migraine headaches. Further, the ALJ discounted Plaintiff's credibility because she did not attend all of the physical therapy sessions prescribed. [R. 20]. The physical therapy records indicate Plaintiff was unable to attend because she did not have transportation to get to the appointments. [R. 469].

The ALJ was under the impression that Plaintiff was seeking fertility treatments which the ALJ found were inconsistent with Plaintiff's claims of disability. The ALJ found that Plaintiff's explanation about the fertility clinic records was unpersuasive. The undersigned finds that the ALJ's conclusion in this regard is not supported by substantial evidence. At the hearing the ALJ read a statement from the medical record that formed part of the basis for the ALJ's credibility determination. [R. 20, 70]. That statement was taken out of context.

The medical records indisputably demonstrate that she presented to the Tulsa Fertility Center in March 2012 for a gynecological consult with a complaint of irregular bleeding. [R. 525-526]. She returned to the clinic for a three month follow up to assess the results of and side effects from prescribed metformin dosage. [R. 524]. A fair reading of the medical records reflects that Plaintiff did not pursue fertility treatments, but made inquiry about fertility in the context of her follow up visit for treatment of irregular painful

5

periods, insulin resistance, possible PCOS (polycystic ovary syndrome), and in light of having had a tubal ligation. *Id.* Plaintiff's testimony on the topic of fertility treatments mirrors the medical record. [R. 70]. The court finds that the ALJ's credibility conclusion on this topic is not supported by substantial evidence.

### **RFC Finding**

The RFC finding will, of necessity, be revisited in light of consideration and discussion of Dr. DeVere's opinion and further consideration and discussion of Plaintiff's credibility.

### **Conclusion**

The ALJ's decision is REVERSED and the case REMANDED for further evaluation in accordance with the legal standards established by the Commissioner and the courts.

SO ORDERED this 21st day of September, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE